# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 18-05885-JW |
| | Chapter 13 |
| Janet Louise Nelums, | **ORDER** |
| Debtor(s). | |

This matter comes before the Court upon the Motion to Compel William K. Stephenson, Jr., Trustee, to Recoup Funds and Disburse Them to the Debtor ("Motion"), filed by Janet Louise Nelums ("Debtor") on May 8, 2020. The Motion seeks to recoup attorney's fees in the amount of $1,900 paid by the Chapter 13 Trustee, William K. Stephenson ("Trustee"), to Debtor's former counsel, Eddye Lane ("Ms. Lane"), upon the dismissal of Debtor's case. In the Motion, Debtor asserts that the funds paid to Ms. Lane should have instead been returned to Debtor pursuant to 11 U.S.C. §§ 349(b) and 1326(a) and the ruling of the U.S. Supreme Court in *Harris v. Viegelahn*, 135 S.Ct.1829 (2015). Responses to the Motion were filed by the Trustee and Ms. Lane, and the Court held a hearing on the Motion on May 21, 2020 ("Hearing"), where the matter was taken under advisement.[1]

In order for the Court to make a full and complete determination of the Motion and in the interest of judicial economy, on May 22, 2020, the Court ordered that Ms. Lane file with the Court and serve on Debtor and the Chapter 13 Trustee an affidavit attesting to and describing the work she completed in the above-captioned case on behalf of Debtor that constitutes the attorney's fees in dispute in Debtor's Motion, including any time records (if available), by no later than May 28,

---

[1] This hearing was held during the COVID-19 public health emergency, during which the Court did not conduct in person hearings except in rare circumstances. Therefore, the hearing was conducted by telephone and through the receipt of affidavits as appropriate to protect public health.

2020. The Court also ordered that any objections, responses or replies to Ms. Lane's affidavit be filed with the Court by no later than June 5, 2020. Ms. Lane filed her affidavit on May 28, 2020. Her affidavit stated that she worked on Debtor's case for 37 hours, incurring fees in the amount of $10,175.00.[2] No response was filed by Debtor or any other party to Ms. Lane's affidavit.

## BACKGROUND

### A. *Employment of Ms. Lane*

On November 16, 2018, Debtor met with Ms. Lane to discuss filing a bankruptcy case on her behalf in order to stop a foreclosure action in state court. On November 19, 2018, Debtor and Ms. Lane executed and signed an Employment Contract, wherein Debtor employed Ms. Lane "to file a Chapter 13 case, including Schedules, Statements, Plan; provide legal representation at Meeting of Creditors and Confirmation hearing[;] seek confirmation of plan; and request discharge upon completion of case." According to the Employment Contract between Debtor and Ms. Lane dated November 19, 2019, which was entered into evidence at the hearing on the Motion, Debtor agreed to pay Ms. Lane "a non-refundable retainer fee of three-thousand seven-hundred dollars ($3,700)" for legal services rendered in contemplation of or in connection with the bankruptcy case and further agreed to pay the required filing fee of $310.00 plus an initial retainer fee of $1,800 to Ms. Lane before she was obligated to commence work on Debtor's case.

The Employment Contract further provides that "[Debtor] understands and agrees that the above referenced attorney fees are earned upon retainer and filing of this matter and due and payable regardless of whether the client completes or fails to complete the bankruptcy case." In addition, Section H. of the Employment Contract, *Attorney's Lien and Attorney's Right to Collect Funds from Trustee/Estate,* provides that "[Ms. Lane] shall have a lien as to debtor's proceeds or

---

[2] Ms. Lane has not filed an application seeking additional fees beyond the $1,900 paid to her by the Trustee.

2

funds held by the bankruptcy trustee or estate for payment of attorney fees and costs as charged herein. In the event debtor is desirous of converting his case from a Chapter 13 to a Chapter 7, and/or to the extent that there are outstanding fees due to the attorney, or incurred for further services, the Attorney shall have right to payment from the trustee, as to any unapplied funds or funds held in suspense held by the trustee to which debtor may otherwise be entitled."

### B. *Debtor's Bankruptcy Case*

On November 19, 2018, with Ms. Lane's assistance, Debtor commenced this case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The Disclosure of Compensation filed with the petition provides that a $1,900 balance remained due to Ms. Lane on the petition date. Ms. Lane continued to represent Debtor during the bankruptcy case, by preparing and filing schedules, statements, a Chapter 13 plan, filing an objection to claim of Debtor's mortgage creditor, filing an adversary proceeding against that same mortgage creditor, and attending Debtor's meeting of creditors and several other hearings. Sixteen months after filing the case for Debtor, Ms. Lane sought to be relieved as counsel, at Debtor's request and with Debtor's consent, and the Court entered a consent order relieving Ms. Lane as counsel for Debtor on March 24, 2020.

Although Debtor made plan payments to the Trustee totaling $21,375.99 over the course of her bankruptcy case, Debtor's Chapter 13 plan was never confirmed. Therefore, the Trustee retained those funds and made no distributions to creditors. On April 1, 2020, the Trustee filed a Petition to Dismiss Debtor's bankruptcy case based on Debtor's failure to file an adequate plan. No objection was filed to the Petition to Dismiss, and the Court entered an Order dismissing the case on April 21, 2020. After the dismissal of the case, the Trustee disbursed $1,900 to Ms. Lane for attorney's fees, and refunded $19,660.78 to Debtor. On May 8, 2020, Debtor filed the Motion

3

seeking to recover the $1,900 paid to Ms. Lane. On June 5, 2020, the Trustee filed his Final Report and Account reflecting the disbursements made to Ms. Lane and Debtor in this case.[3]

## CONCLUSIONS OF LAW

### I.   *Positions of the parties*

Debtor argues that the Court should order the Trustee to return the $1,900 in attorney's fees paid to Ms. Lane on the following grounds: (1) the dismissal of Debtor's case revested the property of the estate in Debtor pursuant to 11 U.S.C. § 349(b)(3); (2) 11 U.S.C. § 1326 instructs the Trustee to return any plan payments not previously paid and not yet due and owing to creditors to Debtor if a plan is not confirmed; and (3) the Supreme Court's decision in *Harris v. Viegelahn* prohibits the Trustee from paying Ms. Lane's fees out of undistributed chapter 13 plan payments. The Trustee argues that the funds were distributed to Ms. Lane in accordance with the Local Rules of this Court and the Bankruptcy Code.

### II.   *Trustee's Compliance with South Carolina Local Bankruptcy Rules*

Through her Employment Contract with Ms. Lane, Debtor agreed to pay Ms. Lane a flat fee of $3,700 for representation in her bankruptcy case, which at the time of the filing of the petition was equal to the "Expedited Fee Amount" set forth in the undersigned's Chambers Guidelines. South Carolina Local Bankruptcy Rule 2016-1(b)(1) provides that an attorney representing a chapter 13 debtor may obtain approval of attorney's fees without the filing of a formal fee application when the attorney and debtor agree in writing that the fee for representation will be equal to or less than the amount set forth in the undersigned's Chambers Guidelines at the time of the filing of the case. Debtor paid Ms. Lane a prepetition retainer of $1,800 and owed Ms.

---

[3]   During the hearing on the Motion, Exhibit Number 3, a letter from Debtor to Ms. Lane, dated April 29, 2020, was tendered for admission by Ms. Lane but was objected to on relevance grounds by Debtor. The Court has not relied on that exhibit for purposes of making this decision.

4

Lane the balance of $1,900, which was to be paid to Ms. Lane through Debtor's chapter 13 plan, as indicated by the Attorney Fee Disclosure Statement filed with the petition. SC LBR 2016-1(b)(1) further provides that "[u]nless the Court orders otherwise, the Expedited Fee Amount is deemed conditionally approved for disbursement upon confirmation of the plan as a result of the attorney's filing of the Attorney Fee Disclosure Statement." However, in this case, the plan was never confirmed, and the funds paid by Debtor to the Trustee were not distributed to creditors pursuant to the terms of the plan. Therefore, when a case is dismissed prior to confirmation, SC LBR 3070-1(b)(2) instructs the Trustee to disburse the funds received prior to entry of an order of dismissal as follows:

> (A) First, in a conduit case, the applicable mortgage creditor is paid each full mortgage payment received by the Trustee from the debtor as a conduit payment;
> (B) Second, the trustee shall disburse to the debtor's attorney the lesser of the remaining amount due to debtor's attorney, or the remaining balance of funds received by the chapter 13 trustee;
> (C) Third, as adequate protection required by 11 U.S.C. § 1326(a), the trustee shall disburse payments to holders of allowed claims secured by personal property and allowed claims for executory contracts that are proposed to be paid through the most recently filed plan, divided based upon the monthly payments provided therein; and
> (D) Finally, any remaining funds and all funds received after dismissal shall be returned to the debtor unless there is a pending Motion to Reconsider Dismissal.

Debtor's case was not a conduit case and thus no distributions to Debtor's mortgage creditor were required to be made by the Trustee. Accordingly, as Debtor's attorney, Ms. Lane was entitled to a first priority distribution from the Trustee under SC LBR 3070-1(b)(2)(B), and the Trustee's distribution to Ms. Lane was proper under that Local Rule.[4]

---

[4] The Local Rules constitute an order of the Court, which governs practice and procedure before the Court. SC LBR 1001-1(a).

5

### III.    11 U.S.C. §§ 349(b)(3) & 1326(a)(2)

Debtor argues that the Trustee's distribution to Ms. Lane was improper because dismissal of Debtor's case revested the property of the estate in Debtor pursuant to 11 U.S.C. § 349(b)(3). Section 349(b)(3) provides that "[u]nless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title… (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."[5] "[Section] 349 applies to all debtors and their property under any chapter of the Bankruptcy Code." *In re Kerr,* 570 B.R. 74, 76 (Bankr. N.D.Ind. 2017). This Court has ordered otherwise by virtue of its Local Rules.  However, the Court must also look to § 1326(a)(2), which more specifically governs the Trustee's obligations regarding payments received by Debtor during the course of a Chapter 13 case when a plan is not confirmed or confirmation of a plan is denied. This section provides:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation . . . . If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, *after deducting any unpaid claim allowed under § 503(b)*.

This section requires the Trustee to complete the administration of the case, including making payments for expenses related to the administration of the estate, prior to returning the funds to the debtor. *Wheaton,* 547 B.R. 490, 499 (1st Cir. BAP 2016) (citing *Massachusetts v. Pappalardo (In re Steenstra),* 307 B.R. 732 (1st Cir. BAP 2004)). The majority of courts have held that § 1326(a)(2) controls the disbursement of funds held by the Chapter 13 Trustee upon the pre-confirmation dismissal of a chapter 13 case. *Id.* at 498-99 (discussing the interplay between

---

[5] The Court notes that the Local Rules, which are an order of the Court, require the Trustee to pay to the debtor's attorney the lesser of the remaining amount due to debtor's attorney, or the remaining balance of funds received by the chapter 13 trustee, prior to returning funds to Debtor.

6

§ 349(b)(3) and § 1326(a)(2) and concluding that under § 1326(a)(2), a debtor's attorney is entitled to a payment of attorney's fees prior to disbursement of the undistributed plan payments to the debtor, if the fees constitute a § 503(b) administrative expense claim) (citing *Massachusetts v. Pappalardo (In re Steenstra),* 307 B.R. 732 (1st Cir. BAP 2004)); *In re Fairnot,* 571 B.R. 767, 769 (Bankr. E.D.Mich. 2017) ("When a case is dismissed before a plan is confirmed, the plain language of Bankruptcy Code § 1326(a)(2) makes clear how the Chapter 13 trustee must disburse funds on hand."); *In re Kerr,* 570 B.R. 74, 76 (Bankr. N.D. Ind. 2017) ("Section 1326(a)(2) is the more specific of the two statutory provisions and so, when a case is dismissed without a plan being confirmed, it controls over the more general provisions of § 349 as to the funds in possession of the chapter 13 trustee."); *In re Merovich,* 547 B.R. 643, 648 (Bankr. M.D.Pa. 2016) (concluding that "§ 1326(a)(2) should control the disbursement of funds held by the Chapter 13 Trustee on the preconfirmation dismissal of the Debtor's case"); *In re Brandon,* 537 B.R. 231 (Bankr. D. Md. 2015) (same); *In re Kirk,* 537 B.R. 856, 860 (Bankr. N.D. Ohio 2015) (finding that "the specific directives in § 1326(a)(2) control over the general directive in § 349(b)(3)"); *In re Hightower*, No. 14-30452-EJC, 2015 WL 5766676, at *5 (Bankr. S.D. Ga. Sept. 30, 2015) (same).

### IV.    *Harris v. Viegelahn*

Finally, Debtor argues that the Supreme Court's decision in *Harris v. Viegelahn* prohibits the Trustee from paying Ms. Lane's fees out of undistributed chapter 13 plan payments. In *Harris,* the Supreme Court addressed whether a Chapter 13 trustee must return undistributed plan funds to the debtor following a post-confirmation conversion of the case to Chapter 7 or whether those funds may be distributed to creditors as required by the plan. *Harris v. Viegelahn,* 575 U.S. 510, 135 S.Ct. 1829, 1837 (2015). The Supreme Court ultimately concluded that, in instances of conversion, the trustee must return the funds to the debtor based on 11 U.S.C. § 348, which governs

the effect of conversion of a case from one chapter to another. *Id.* In making this decision, the Supreme Court focused on the language of 11 U.S.C. § 348(f)(1)(A), which provides that "property of the [Chapter 7] estate in the converted case shall consist of property of the estate, as of the date of filing of the [initial Chapter 13] petition, that remains in the possession of or is under the control of the debtor on the date of conversion." Based on this language, the Supreme Court concluded that post-petition wages, including undisbursed funds in the hands of a trustee, are excluded from the converted Chapter 7 estate and may not be distributed to creditors. The Supreme Court also examined § 348(e), which provides that "conversion [from Chapter 13 to Chapter 7] terminates the service of the [Chapter 13] trustee," and found that this language strips the Chapter 13 trustee of his authority to disburse payments to creditors after conversion. *Id.* at 1838.

*Harris* is distinguishable because it addressed a post confirmation conversion governed by § 348 and not a pre-confirmation dismissal governed by § 349 and § 1326(a)(2), which is presented in this case. The majority of cases considering the application of *Harris* to a Chapter 13 case that has been dismissed prior to confirmation have agreed that the holding in *Harris* does not apply in these cases and § 1326(a)(2) instead controls the distribution of payments held by the Chapter 13 trustee. *See, e.g., Wheaton,* 547 B.R. at 497; *In re Fairnot,* 571 B.R. at 770; *In re Merovich,* 547 B.R. at 647; *In re Brandon,* 537 B.R. at 235-36; *In re Kirk,* 537 B.R. at 860; *In re Hightower*, No. 14-30452-EJC, 2015 WL 5766676, at *5; *In re Inyamah,* 378 B.R. 183 (Bankr. S.D.Ohio 2007). This Court agrees with those cases that *Harris* is not applicable to a pre-confirmation dismissal of a Chapter 13 case, and therefore finds that *Harris* does not bar the Trustee's distribution to Ms. Lane in this case.

8

**V.**     *Application of § 1326(a)(2) to this case*

Since the plan was not confirmed in this case, § 1326(a)(2) requires the Trustee to return the undistributed plan payments to Debtor, after deducting any unpaid claim allowed under § 503(b). 11 U.S.C. § 1326(a)(2). Therefore, to receive payment from the Trustee following dismissal of the case, Ms. Lane must have an allowed administrative claim under 11 U.S.C. § 503(b). Section 503(b) states, "(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including---…(2) compensation and reimbursement awarded under section 330(a) of this title." 11 U.S.C. § 503(b). Under § 330(a)(4)(B), in Chapter 13 cases, the Court "may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B). Ms. Lane's affidavit details the services she provided to Debtor over 16 months during her engagement as attorney for Debtor in this bankruptcy case, which included, among other things, preparing and filing schedules, statements, a Chapter 13 plan, filing an objection to claim of Debtor's mortgage creditor, filing an adversary proceeding against that same mortgage creditor, and attending Debtor's meeting of creditors and several other hearings. The Court finds that these services were necessary and beneficial to Debtor and were performed within a reasonable amount of time in accordance with the factors set forth in 11 U.S.C. § 330(a)(3)(A-D). The Court further finds that Ms. Lane has skill and experience in the bankruptcy field as required by 11 U.S.C. § 330(a)(3)(E).

Debtor contracted with Ms. Lane to pay her $3,700 to represent her in the bankruptcy case. Prior to the petition date, Ms. Lane received $1,800 from Debtor, with the remainder of the fee ($1,900) to be paid to her from the Trustee from the plan payments made by Debtor. The total

attorney fee charged was the Expedited Fee Amount of $3,700, which was the "no-look" fee amount that had been determined to be presumptively reasonable in the undersigned's Chambers Guidelines as of the date of the petition. Despite notice and opportunity to object, Debtor did not file a response to the affidavit to contest the amount of the fee, whether the services performed were necessary and beneficial to Debtor, or any of the other factors set forth in § 330(a)(3). Furthermore, Debtor agreed in her contract "that the above referenced attorney fees are earned upon retainer and filing of this matter and due and payable regardless of whether the client completes or fails to complete the bankruptcy case." Accordingly, the Court finds that the compensation was reasonable under 11 U.S.C. § 330(a)(3)(F). The Court further observes that the Employment Contract expressly provided that Ms. Lane would have a lien as to Debtor's proceeds or funds held by the bankruptcy trustee or estate for payment of her attorney's fees and costs and a right to payment from the trustee, as to any unapplied funds or funds held in suspense held by the trustee to which debtor may otherwise be entitled, which provides an independent basis to approve payment by the Trustee to Ms. Lane. *See In re Brandon,* 537 B.R. at 238 (concluding that an assignment by the debtor of his right to the funds held by the Chapter 13 trustee is "a valid independent basis upon which to approve payment by a Chapter 13 trustee to debtor's counsel to the extent of their unpaid counsel fees and expenses").

Based on the foregoing, the Court finds that Ms. Lane is entitled to no less than $3,700 as reasonable compensation pursuant to 11 U.S.C. § 330(a)(4)(B) for her services on Debtor's behalf in this bankruptcy case. Therefore, having previously received $1,800 pre-petition, Ms. Lane has an allowed administrative claim for purposes of § 503(b)(2) in the amount of $1,900, and the Trustee was required under 11 U.S.C. § 1326(a)(2) to deduct $1,900 for payment of Ms. Lane's

administrative claim prior to returning the remainder of the undistributed plan payments to Debtor.

Accordingly, Debtor's Motion is denied.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
July 6, 2020

**FILED BY THE COURT**
**07/06/2020**



Entered: 07/06/2020

US Bankruptcy Judge
District of South Carolina